* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * * ORDER
Plaintiff's Motion to Dismiss is denied. Industrial Commission records indicate that Defendant timely appealed to the Full Commission on February 8, 2006, from the January 31, 2006 Opinion and Award of the Deputy Commissioner. Defendant's lateness in filing his Form 44 assignments of error and brief is excused.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
Stipulated Exhibit No. 1 — Erie Insurance Information Page.
 * * * * * * * * * * *
Based on the foregoing Stipulations and the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing in this matter, Plaintiff was twenty-nine years old and had completed the tenth grade of high school. Plaintiff obtained his GED in Cherokee, North Carolina through Job Corp. Plaintiff's prior work history includes work as an auto mechanic and carpet cleaner.
2. Plaintiff first worked for Defendant in 1992 through 1993, as a carpet cleaner and farm hand. Over the next ten years, Plaintiff worked on and off for Defendant as a general laborer. Plaintiff was always paid cash and never received a W-2 or Form 1099 from Defendant for work he had performed.
3. In April 2004, Plaintiff started working again with Defendant at his Red Springs Mobile Home Supply Company. Plaintiff was hired as a carpet cleaner/helper earning $7.00 an hour for eight hours a day, six days a week. Plaintiff was paid cash. Plaintiff's earnings amount to an average weekly wage of $364.00, and a compensation rate of $242.67. Defendant did not provide any wage information or a Form 22 wage chart as required by the Workers' Compensation Act (Act).
4. At the time of Plaintiff's injury, Defendant had four employees at the Red Springs Mobile Home Supply location. Defendant also owned and operated a business called Maxton Mobile Home Supply located in Maxton, North Carolina, in which he had one employee. Defendant described both these businesses as being sole proprietorships.
5. Defendant had three or more employees at his Red Springs Mobile Home Supply business and was subject to the Act. An employment relationship existed between Plaintiff and Defendant. Defendant failed to file any Industrial Commission forms in this matter as required by the Act.
6. On July 8, 2004, Plaintiff was assisting with the installation of carpet at GM Insurance Agency located in Red Springs, North Carolina. A coke machine had to be moved in order to install the carpet. Plaintiff and another employee, Eddie Oxendine, were using a dolly to move the coke machine. The machine tipped over and knocked Plaintiff to the floor. Plaintiff suffered an injury by accident when the coke machine and/or dolly fell on his leg.
7. Plaintiff was transported to Southeastern Regional Medical Center by Defendant where he complained of left knee and left lower leg pain. An x-ray of the left leg and left knee was interpreted as normal.
8. On July 15, 2004, Plaintiff sought follow-up care with Dr. David Allen of Allen Orthopaedics in Lumberton, North Carolina. Plaintiff was diagnosed with left knee pain, medial joint line pain, anterior cruciate ligament laxity, and left lower extremity numbness. Plaintiff was advised to return to work with restrictions of no standing or walking on his left leg and no kneeling.
9. Plaintiff returned to Dr. Allen for follow-up treatment on July 29, 2004. It was Dr. Allen's recommendation at that time that Plaintiff undergo an MRI of the left knee.
10. On August 3, 2004, Plaintiff underwent an MRI at Southeastern Regional Medical Center. The MRI showed extensive bone bruising along the medial aspect of the distal femur.
11. Plaintiff underwent a left knee partial medial and lateral synovectomy and left knee intra-articular injection, which was done by Dr. Allen on October 29, 2004.
12. On December 28, 2004, Dr. Allen determined that Plaintiff had reached maximum medical improvement and provided Plaintiff a five percent (5%) permanent partial impairment to the leg based upon the injury Plaintiff sustained on July 8, 2004.
13. Following Plaintiff's injury by accident, Plaintiff remained unable to work until September 7, 2004, when he was able to return to work doing metal framing with Scottie Lynn Locklear.
14. Plaintiff continued to work with Scottie Lynn Locklear up to the date of his October 29, 2004 surgery and returned to work the Monday following his surgery. As of the date of hearing before the Deputy Commissioner, Plaintiff remained employed earning the same or greater wages that he had earned prior to his injury by accident.
15. On July 8, 2004, Defendant had three or more employees and there is no evidence of record that Defendant had workers' compensation coverage for his employees. Henry Locklear was a sole proprietor and had the ability and the authority to bring his business into compliance with N.C. Gen. Stat. § 97-93 and failed to do so.
16. As a result of Plaintiff's July 8, 2004 compensable injury by accident, Plaintiff incurred $16,867.91, in medical expenses from the following providers: Southeastern Regional Medical Center — $1,128.00, Southeastern Regional Medical Center — $188.00, Southeastern Regional Medical Center — $1,763.00, Southeastern Regional Medical Center — $9,154.71, Dr. David R. Allen of Allen Orthopaedics — $3,345.70, Lumberton Anesthesia Consultants — $472.50, Lumberton Radiological Associates — $315,00, and Southeastern Regional Medical Center — $501.00.
17. The above-referenced medical expenses were reasonably necessary to lessen the period of disability, effect a cure or give relief to Plaintiff.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. On July 8, 2004, Defendant had three or more employees and was subject to the Workers' Compensation Act. An employment relationship existed between Plaintiff and Defendant. N.C. Gen. Stat. § 97-2.
2. On July 8, 2004, Plaintiff sustained an injury by accident arising out of and in the course of his employment with Defendant. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff had an average weekly wage of $364.00, yielding a compensation rate of $242.67. N.C. Gen. Stat. § 97-2.
4. Plaintiff is entitled to have Defendant pay temporary total disability compensation in the amount of $242.67 per week from July 9, 2004 to September 7, 2004, which amounts to eight weeks and five days or $2,114.71. N.C. Gen. Stat. § 97-29.
5. Plaintiff is entitled to have Defendant pay permanent partial disability compensation for the five percent (5%) permanent partial impairment to Plaintiff's left leg, which amounts to ten weeks or $2,426.70. N.C. Gen. Stat. § 97-31(15).
6. Plaintiff is entitled to have Defendant pay for all medical expenses reasonably incurred by Plaintiff to lessen his period of disability, effect a cure, or give relief. N.C. Gen. Stat. §97-25.
7. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of $1.00 for each employee but not less than $50.00 nor more than $100.00 for each day of such refusal or neglect and until the same ceases. N.C. Gen. Stat. § 97-94(b).
8. Any person who has the ability and authority to bring the employer into compliance with N.C. Gen. Stat. § 97-93, and willfully fails to bring the employer into compliance or neglects to bring the employer into compliance may be assessed a penalty equal to one hundred percent (100%) of the amount of compensation due Defendant's employees injured during the time Defendant failed to comply within N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d).
9. On July 8, 2004, Defendant had three or more employees and did not have workers' compensation insurance. Henry Locklear, as sole proprietor, had the ability and authority to bring Defendant into compliance with the Act.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay Plaintiff temporary total disability compensation in the amount of $242.67 per week for the period of July 9, 2004 through September 7, 2004, which amounts to eight weeks and five days or $2,114.71, subject to an attorney's fee set out below.
2. Defendant shall pay Plaintiff permanent partial disability compensation for Plaintiff's five percent (5%) permanent partial impairment to the left leg, which amounts to ten weeks at $242.67 per week or $2,426.70, subject to an attorney's fee set out below.
3. An attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded Plaintiff in paragraphs 1 and 2 of this Award is hereby approved as attorney's fees for Plaintiff's counsel. This amount shall be deducted from the amount awarded to Plaintiff in paragraphs 1 and 2 of this Award and shall be paid directly to Plaintiff's counsel.
4. Defendant shall pay for all medical expenses reasonably incurred, which tended to lessen Plaintiff's period of disability, effect a cure, or give relief as set out below. Defendant shall pay the following medical expenses directly to the medical providers: Southeastern Regional Medical Center in the amount of $1,128.00, Southeastern Regional Medical Center in the amount $188.00, Southeastern Regional Medical Center in the amount of $1,763.00, Southeastern Regional Medical Center in the amount of $9,154.71, Dr. David R. Allen of Allen Orthopaedics in the amount of $3,345.70, Lumberton Anesthesia Consultants in the amount of $472.50, Lumberton Radiological Associates in the amount of $315.00, and Southeastern Regional Medical Center in the amount of $501.00, subject to the Industrial Commission Fee Schedule.
5. Plaintiff's counsel shall send a copy of this decision to all of the health care providers in this matter that have not been paid for services provided to Plaintiff related to his compensable injury. The health care providers with outstanding bills in this matter shall not seek to obtain collection of these bills from Plaintiff. The health care providers shall direct their collection efforts at Henry Locklear d/b/a Red Springs Mobile Home Supply whose address is 1823 Snake Road, Lumberton, North Carolina 28358 and individually as 103 Cross Street, Red Springs, North Carolina 28377 according to the information in the Industrial Commission file. Failure to comply with this order by the health care providers and their collection agencies will result in the initiation of contempt proceedings against persons in violation of this order.
6. Pursuant to N.C. Gen. Stat. § 97-94(b), a penalty of $50.00 per day is assessed against Henry Locklear doing business as Red Springs Mobile Home Supply for failing to secure workers' compensation insurance on July 8, 2004, when Plaintiff was injured. A check in the amount of $50.00 shall be made payable to the North Carolina Industrial Commission and sent directly to the attention of Carolyn Wall at the Industrial Commission.
7. Pursuant to N.C. Gen. Stat. § 97-94(d), a penalty is hereby assessed against Defendant Henry Locklear in the amount of $21,409.32 (TTD — $2,114.71 + PPD — $2,426.70 + medical bills — $16,867.91 = $21,409.32). Henry Locklear shall send a check payable to the North Carolina Industrial Commission in the amount of $21,409.32 directly to the attention of Carolyn Wall at the Industrial Commission.
8. Defendant is hereby ordered to provide proof of current workers' compensation coverage to the Assistant Attorney General assigned to the Fraud Section of the Industrial Commission. If proof of workers' compensation coverage is not provided, this matter will be referred to the Fraud Section of the Industrial Commission for further investigation and possible referral for criminal prosecution as set out in N.C. Gen. Stat. § 97-94(c).
9. Defendant shall pay the costs.
This the __ day of September 2006.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_____________ PAMELA T. YOUNG COMMISSIONER